UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COVALENT MEDICAL, INC.,

    Plaintiff,

v.                                                                                    Case No. 06-10623

LAST CHANCE TISSUE ADHESIVES                    HONORABLE AVERN COHN
CORPORATION, DAVID D. COX, and DAVID
A. BROWDIE,

    Defendants.

_____/

**MEMORANDUM AND ORDER
DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT**

    This is a contract case involving a patent. Plaintiff Covalent Medical Inc. (Covalent[1]) is suing defendants Dr. David A. Browdie (Browdie), Last Chance Tissue Adhesives (Last Chance) and David D. Cox (Cox) claiming that it owns U.S Patent Application Serial No. 10/894,609 ('609 application) and seeks a declaratory judgment that it is not required to assign the '609 application to defendants under the terms of a Technology Transfer Agreement (TTA) between the parties. Defendants Last Chance, Browdie, and Cox counterclaimed, requesting a declaration that Covalent is obligated under the TTA to assign all right, title, and interest in the '609 application to them.

    Before the Court is are the parties' cross motions for summary judgment. The Court held a hearing after which it directed the parties to file supplemental papers. The supplemental papers are as follows:

- [Plaintiff's] Statement of Material Facts Not in Dispute, filed December 22, 2006

---

[1]Some of parties' papers refer to CovaMed, not Covalent. The Court will refer to plaintiff as Covalent, consistent with the caption.

- Defendants' Counter Statement of Disputed Facts and Statement of Material Facts Not in Dispute Supporting Cross Motion for Summary Judgment, filed January 4, 2007

- Plaintiff's Response to Defendants' Statement of Undisputed Facts, filed January 10, 2007

The matter is now ready for decision. For the reasons that follow, the motions are DENIED.

## II.  Background

### A.

Covalent is a company that develops biological tissues for use in surgery or to treat traumatic bleeding in emergency situations. In October 2001, Browdie invented and patented a tissue adhesive. This resulted in U.S. Patent No. 6,310,036 ('036 patent) entitled "High Strength, Biocompatible Adhesive and Methods for Treating Vigorously Bleeding Surfaces."

Browdie assigned the '036 patent to Last Chance. Cox is the president of Last Chance and Browdie is its chairman.

Sometime after the issuance of the '039 patent, Browdie and Cox began looking for a corporate partner to manufacture and market the patented product. Eventually, Browdie and Cox contacted Bruno Lowinger, who is apparently experienced in the biomedical filed.

Lowinger then formed Covalent for the purpose of acquiring rights to the patented product.

On January 23, 2003, Covalent and Last Chance entered into a Technology Transfer Agreement (TTA). Broadly stated, the TTA provides for the assignment of the '036 patent to Covalent in return for certain cash payments, equity is Covalent, and royalty payments. At the same time, Cox entered into a consulting agreement with Covalent.

The TTA also provides that if Covalent did not receive a "First Commercial Sale of a Product incorporating the Invention" by January 31, 2006, then Last Chance may require a re-assignment of "all rights under the Patent with respect to the Invention."

After entering the TTA, Covalent, with assistance from Browdie and Cox, worked on following the teachings of the '036 patent to prepare surgical adhesives and test them.

The parties disagree on the series of events which followed. Covalent says that the adhesives made in accordance with the teachings of the '306 failed to perform and that the parties abandoned work on the adhesive and began developing a "new" adhesive different from the '036 teachings. Defendants, however, say that although later samples showed that the adhesive was not performing "at the optimal level exhibited by earlier samples," Cox and Browdie continued work on the adhesive within the confines of the '036 patent and the TTA.

Eventually, Cox, Browdie, Covalent and Frank DeLustro filed a provisional application for a patent as a result of their continued work on surgical adhesives. The application, filed in July 2004, names John Lowinger (an employee of Covalent), Bruno Lowinger, Frank DeLustro, David Cox, and David Browdie as inventors. The inventors, including Browdie and Cox, assigned their rights to Covalent. On July 24, 2004 a formal patent application was filed and given the Serial No. 10/894,609 (the '609 application).

Cox, Browdie, and Last Chance say, however, that despite repeated requests, they never saw the formal patent application.

On September 6, 2005, a non-final rejection was issued by the United States Patent and Trademark Office regarding the '609 application. Specifically, the examiner rejected the claims of the '609 application as being unpatentable over the '036 patent.

At some point, Last Chance requested that Covalent re-assign its rights back to them under the TTA, which apparently included the '609 application.

3

On February 10, 2006, Covalent filed its complaint claiming that the inventorship of the '609 application belongs to them. On April 3, 2006, the USPTO issued a final rejection of the '609 application.

On April 20, 2006, Last Chance, Cox, and Browdie filed a motion to dismiss for lack of subject matter jurisdiction on the grounds that a claim or controversy no longer exists because there is no patent at issue following the final rejection of the application.

On June 26, 2006, two days prior to the hearing on defendants' motion to dismiss, the USPTO allowed certain limited (amended) claims under the '609 application. Defendants withdrew their motion to dismiss after reviewing a copy of the allowance. The instant motions then followed.

A search of the USPTO reveals that on October 31, 2006, a patent issued based on the '609 application, U.S. Patent No. 7,129,210, entitled "Tissue adhesive sealant."

### III. Legal Standard

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for

4

summary judgment in order to defeat the motion. See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50. Additionally, and significantly, "affidavits containing mere conclusions have no probative value" in summary judgment proceedings. Bsharah v. Eltra Corp., 394 F.2d 502, 503 (6th Cir. 1968).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting Anderson, 477 U.S. at 251-52). The Court "must view the evidence in the light most favorable to the non-moving party." Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. See Anderson, 477 U.S. at 255. Only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law may summary judgment be granted. Thompson v. Ashe, 250 F.3d 399, 405 (6th Cir. 2001).

IV. Analysis

A. Parties' arguments

Covalent argues that the neither the invention of the '609 application or the application was assigned by Last Chance to Covalent. Covalent argues that the '609 application was conceived after the TTA and the TTA language does not contain any language that captures inventions made after the effective date of the TTA. In support, they rely on their interpretation of the word "Invention" as used in the TTA.

Alternatively, Covalent argues that the if the definition of "Invention" is read to include modifications to or enhancements of the '036 invention made after the TTA, the '609 patent application relates to a tissue adhesive that is so completely different from the '036 patent that it does not constitute a "modification of or enhancement to" the

invention of the '036 patent.

Last Chance, Cox, and Browdie argue that the '609 application is covered by the '036 patent or describes a "modification or enhancement" to the surgical adhesive covered by the '036 patent. They also argue that any differences between the '609 application and the '036 patent had been accomplished, i.e. were in existence, prior to the execution of the TTA. Therefore, under either scenario, Covalent must reassign the '609 application to Last Chance.

B.  Conclusion

Resolution of the motions requires an examination of the relevant parts of the TTA, as follows:

> 1. Assignment.  The Assignor [Last Chance] assigns to the Assignee [Covalent] all rights of the Assignor in, under and with respect to the Patent and all title to and all rights of the Assignor in, under and with respect to the Invention.

"Invention" is defined as "all intellectual property rights and other rights in and to the invention described in that Patent [the '036 patent] together with all modifications to or enhancements of that invention."  (Emphasis added).

The dispute centers on whether the technology encompassed by the '609 application is part of the term "Invention" as defined in the TTA.  In other words, is the '609 application merely a "modification to or enhancement of" the '036 patent.  If the '609 application is part of the "Invention," then Last Chance has a right to request re-assignment under the TTA and Covalent must reassign any interest in the '609 application to Last Chance.  If the '609 application is not part of the Invention, then Covalent is entitled to ownership.

While the parties suggest that this is an issue of law, an examination of the record reveals that the issue cannot be determined without a factual determination. Covalent's papers contain a detailed discussion of its view as to why the '609

6

application discloses an invention which is not the same as the '036 patent. Covalent supports its argument with, <u>inter alia</u>, affidavits from Lowinger and Frank DeLustro, who both state that they have reviewed and compared the '036 patent and the '609 application and that they disclose very different inventions. Lowinger's affidavit also explains his view of how the inventive process came about for the '609 application which was a product that did not "bear any of the hallmarks of the '036 patent."

Defendants respond in like kind. They argue that the '609 application was the result of continued work on the '036 patent. Defendants state:

> Neither laymen nor those skilled in the art can interpret '609 as describing anything other than a means to effect the manufacture of the Browdie surgical adhesive in its optimal form, or, at the outer limit, a mere modification or improvement of the Browdie patent adhesive, the '036 invention. In either event, as a matter of law the '609 application belongs to Last Chance.

Defendants' brief at p. 12. Defendants rely, <u>inter alia</u>, on the affidavits of Cox and Browdie, who generally state that the developments resulting in the '609 application were the result of a series of refinements to the '036 application. This is wholly contrary to Covalent's version of the events.

The supplemental papers further illustrate the factual underpinnings of the issues raised on summary judgment. A comparison of the Covalent's statement of material facts not in dispute, defendants' response and counter statement and Covalent's response to defendants' statement reveal that the parties vigorously disagree on the events before and after execution of the TTA. Based on the record, the Court cannot say as a matter of law whether the '609 application (and resultant patent) is a modification or enhancement of the '036 patent. Rather, there is a genuine issue of material fact as to this issue, which forms the basis of the dispute. Covalent says that the '036 patented adhesive did not work and the project was essentially abandoned. As such, the '609 application falls outside the scope of the TTA and Last Chance has no right to request re-assignment. Last Chance, Cox, and Browdie say that there is a

direct and linear devolvement of the surgical adhesive in the '609 application from the '306 patent such that the former is nothing more than a modification or enhancement of the latter. Contrary to the parties' arguments to the contrary, this is not a pure issue of law, i.e. where the fact are undisputed and only one conclusion can reasonably be drawn from the facts. Indeed, resolution of the dispute requires an examination into the record and a detailed comparison of the technology covered by the '036 patent and that in the '609 application, which includes weighing the credibility of the parties' competing version of the events surrounding the developments which led to the '609 application. This cannot be done on summary judgment.

      SO ORDERED.

                              s/Avern Cohn  
                              AVERN COHN  
                              UNITED STATES DISTRICT JUDGE

Dated: January 22, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, January 22, 2007, by electronic and/or ordinary mail.

                              s/Julie Owens  
                              Case Manager, (313) 234-5160