UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COVALENT MEDICAL, INC.,

    Plaintiff,

v.                                       Case No. 06-10623

LAST CHANCE TISSUE ADHESIVES      HONORABLE AVERN COHN
CORPORATION, DAVID D. COX, and DAVID
A. BROWDIE,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

I.

This is a contract case involving a patent. Plaintiff Covalent Medical Inc. (Covalent) is suing defendants Dr. David A. Browdie (Browdie), Last Chance Tissue Adhesives (Last Chance) and David D. Cox (Cox) claiming that it owns U.S Patent Application Serial No. 10/894,609 ('609 application) and seeks a declaratory judgment that it is not required to assign the '609 application to defendants under the terms of a Technology Transfer Agreement (TTA) between the parties. Defendants Last Chance, Browdie, and Cox counterclaimed, requesting a declaration that Covalent is obligated under the TTA to assign all right, title, and interest in the '609 application to them.

The parties filed cross motions for summary judgment. The Court, following argument and supplemental papers, denied the motions.

Before the Court is Covalent's motion for reconsideration. For the reasons that follow, the motion is DENIED.

II.

E.D. Mich LR 7.1(g) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court*s discretion, the court will not grant motions for rehearing or reconsideration that merely present the

same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case

### III.

As an initial matter, Covalent makes no attempt to apply the standard for a motion for reconsideration to the Court's decision. Indeed, Covalent does not even cite Local Rule 7.1(g).

Covalent argues that although the Court found that the issue of whether the '609 application consistutes a "modification or enhancement" of the '036 patent involves disputed issues of fact, the Court, according to Covalent, did not rule on whether the language of the TTA "captures inventions made after the effective date of the TTA" regardless of whether the inventions are "modifications or enhancements" of the '036 patent. This question Covalent says is a question of law which can be ruled upon based on the record. The Court disagrees. The parties disagree on the series of events before and after execution of the TTA, as well as whether the definition of "Invention" under the TTA encompasses modifications or enhancements made after the date of the TTA. The issue cannot be resolved on summary judgment based on the record as the Court views it.

Put simply, the case must either go to trial or be otherwise resolved.

SO ORDERED.


Dated: February 27, 2007        s/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, February 27, 2007, by electronic and/or ordinary mail.

                                s/Julie Owens
                                Case Manager, (313) 234-5160

2